**UNITED STATES OF AMERICA**
**U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TERRY FABRICANT,
*individually and on behalf of*
*the class members described below,*

    Plaintiff,                                                      20 CV 10137

 -v-

DAVID ALLEN CAPITAL, INC.,

    Defendant.

**COMPLAINT – CLASS ACTION**

Plaintiff is unaware of any companion cases.

**INTRODUCTION**

1. Plaintiff Terry Fabricant brings this action against Defendant David Allen Capital, Inc., to stop Defendant's practice of making phone calls to cellular telephones using an automated telephone dialing system, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and to obtain redress for all persons injured by its conduct.

**JURISDICTION AND VENUE**

2. This Court has federal question subject matter jurisdiction under 28 U.S.C. §§ 1337 (commerce) and 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, a federal statute. *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

3. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is located in this District.

**PARTIES**

4. Plaintiff Terry Fabricant is an individual who resides in California.

-1-

5.  Defendant David Allen Capital, Inc., is a corporation organized under the law of Michigan with principal offices at 525 N. Main Street, Suite 270, Milford, Michigan 48381 or 1015 Troon, Highland, MI 48357.

## THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. §227

6.  Congress enacted the TCPA in 1991 in response to a growing number of consumer complaints regarding telemarketing robocalls.

7.  Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243 (Dec. 20, 1991); *see also Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

8.  Consumer complaints about this conduct have only increased since then. "If robocalls were a disease, they would be an epidemic." Rage Against Robocalls, Consumer Reports (July 28, 2015). "Robocalls" are the #1 consumer complaint in America today.

9.  The Federal Trade Commission (FTC) and Federal Communications Commission (FCC) regularly cite "unwanted and illegal robocalls" as their number-one complaint category. The FTC received more than 1.9 million complaints filed in the first five months of 2017 and about 5.3 million in 2016. The FCC has stated that it gets more than 200,000 complaints about unwanted telemarketing calls each year. These complaints are on top of the complaints each state AG's office receives and also do not include the millions of unreported calls.

10. In an effort to curb these unwanted calls, the TCPA regulates, inter alia, the use of automated telephone equipment (a/k/a "autodialers" or "robodialers") to make calls to any cellular telephone number or deliver a pre-recorded message. Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers or a pre-recorded voice to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

11. In 2012, the FCC prohibited "any telephone call that includes or introduced an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any [cellular telephone number], other than a call made with the prior express written consent of the called party[.]" 47 C.F.R. § 64.1200(a)(2). This prior express written consent requirement became effective on October 16, 2013.

## FACTS

12. Plaintiff subscribes to cellular telephone number XXX-XXX-1983.

13. David Allen Capital, Inc., used automated equipment to place large numbers of telemarketing calls.  The equipment has the present capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers.  The equipment delivers a pre-recorded message.

14. On November 6, 2019, Plaintiff received an automated call from Defendant. Upon answering, Plaintiff heard a pre-recorded message stating that he had been qualified for a merchant cash advance, and giving him the option to press various numbers for further information or action.  Plaintiff pressed "1" and left contact information including an email address.  Within a few minutes, Plaintiff received an email asking him to fill out an application

form and provide specified documents.

15. The email was from "submissions@davidallencapital.com" .

16. Plaintiff has not consented to the receipt of any calls from Defendant.

17. Plaintiff had not provided his number to Defendant prior to the call.

18. By calling Plaintiff, Defendant caused Plaintiff and the putative class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls, consumption of electricity in cost per-kilowatt required to recharge the cell phones, consumption of money or purchased blocks of calls, and wear and tear on telephone equipment. The calls took time to receive and Plaintiff's statutory right of privacy was invaded.

19. The FCC has also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115 (¶165) (2003).

20. The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case.

21. The calls were made to consumers who never requested to receive them, never engaged in any interaction with Defendant and are made on a repeat basis without consent.

22. Defendant either negligently or willfully violated the rights of Plaintiff and other recipients in placing the calls.

## COUNT I – TCPA

23. Plaintiff incorporates by reference paragraphs 1-22.

-4-

24. Defendant made unsolicited automated calls to cellular telephone numbers belonging to Plaintiff and other members of the class without their prior express consent.

25. By making unsolicited calls to Plaintiff and the class members, using an automated dialing system and pre-recorded voice and without prior express consent, Defendant violated 47 U.S.C. §227(b)(1)(A)(iii).

26. Plaintiff and each class member are entitled to statutory damages.

27. Plaintiff and the putative class members suffered actual damages in the form of monies paid to receive the unsolicited, automated robocalls and their statutory right of privacy were invaded.

## CLASS ALLEGATIONS

28. Plaintiff brings this claim pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and 23(b)(3) on behalf of a class.

29. The class consists of: (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. § 1658), (c) received calls from Defendant David Allen Capital, Inc., on their cell phones, (d) placed using an automated dialer or a pre-recorded or artificial voice.

30. The exact number of class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

On information and belief, based on the fact that Defendant used automated equipment to deliver a pre-recorded message, Defendant has made calls using such equipment to more than 40 persons who fall into the definition of the class. Class members can be identified through Defendant or its agent's records.

31. Plaintiff's claims are typical of the claims of other members of the class, in that Plaintiff and the class members sustained damages arising out of Defendant's uniform wrongful conduct, including the making of unsolicited telephone calls.

32. Plaintiff will fairly and adequately represent and protect the interests of the class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the class members, and Defendant has no defenses unique to Plaintiff.

33. There are questions of law and fact common to the claims of Plaintiff and the class members, and those questions predominate over any questions that may affect individual members of the class. These include:

   a. Whether the equipment Defendant used to place the calls in question was an automatic telephone dialing system as defined by the TCPA;

   b. Whether Defendant placed calls that delivered a pre-recorded

        message;

    c.    Whether Defendant systematically made automated calls to persons without prior express consent to receive such telephone calls;

    d.    Whether class members are entitled to treble damages based on the willfulness of Defendant's conduct.

34.    Class proceedings are also superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties.  By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class members and against Defendant for:

    a.    Statutory damages, 47 U.S.C. § 227(b)(3);

    b.    An injunction restraining the conduct complained of;

    c.    Costs of suit;

    d.    Such other or further relief as the Court deems proper.

Respectfully submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:   <u>s/ Daniel A. Edelman</u>
      Daniel A. Edelman
      Cathleen M. Combs
      EDELMAN, COMBS, LATTURNER
         & GOODWIN, LLC
      20 S. Clark Street, Suite 1500
      Chicago, Illinois 60603
      (312) 739-4200
      Email: courtecl@edcombs.com

<u>s/Adam G. Taub</u>
Adam G. Taub (P48703)
17200 West 10 Mile Rd. Suite 200
Southfield, MI 48075
(248) 746-3790
adamgtaub@clgplc.net

Dated: January 21, 2020

## **NOTICE OF ASSIGNMENT**

     Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                                          <u>/s/ Daniel A. Edelman</u>
                                          Daniel A. Edelman

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff. These materials are likely very relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

/s/Daniel A. Edelaman
Daniel A. Edelman